IN THE COURT OF CRIMINAL APPEALS

OF TEXAS






AP-74,996






Ex parte BRIAN KEITH OWENS, Applicant






Application for Writ of Habeas Corpus 

from Tyler County





 Womack, J., filed a concurring opinion in which Cochran, J., joined.



 The Court says, ante at 8, "We fail to perceive any principled reason that our holding in
Wilson should not apply equally to an appellant whose attorney files an Anders brief." I believe
there is a principled reason. More important than that reason are the facts that the Wilson/Axel
requirement is based on a fallacy, and it doesn't work.

The Principled Reason.


 The principled reason that the holding in Wilson (1) should not apply when counsel files an
Anders brief is that such an attorney must sever the attorney-client relationship. The entire reason
for the Anders procedure is counsel's ethical obligation not to assert frivolous claims. (2) As the
Anders opinion says:

 Of course, if counsel finds his case to be wholly frivolous, after a conscientious
examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's
brief should be furnished the indigent and time allowed him to raise any points
that he chooses; the court -- not counsel -- then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so
finds it may grant counsel's request to withdraw and dismiss the appeal insofar as
federal requirements are concerned, or proceed to a decision on the merits, if state
law so requires. On the other hand, if it finds any of the legal points arguable on
their merits (and therefore not frivolous) it must, prior to decision, afford the
indigent the assistance of counsel to argue the appeal. (3)


Whether he was correct or incorrect about there being no arguable grounds, the lawyer who files
an Anders brief is leaving the case.

 This distinguishes the appellate lawyer from the trial lawyer. Even when the trial has
ended in the conviction of the defendant, trial counsel's duty extends to advising him whether to
appeal, as we held in Ex parte Axel:

 Precise obligations are laid out in ABA Standards Relating to the Administration
of Justice ("Standards"), The Defense Function, Part VIII. After Conviction. After
sentencing, the lawyer explains to defendant "meaning and consequences" of the
judgment and "his right to appeal." He expresses his professional opinion as to
"meritorious grounds for appeal and as to probable results of an appeal," as well
as its "advantages and disadvantages." "The decision whether to appeal must be
the defendant's ." The lawyer "should take whatever steps are necessary to
protect the defendant's right of appeal." § 8.2 Appeal, Standards, at 135. (4)

The appellate counsel who has filed an Anders brief because he has found the appeal to be
wholly frivolous could not continue to give advice to the client about whether to seek further
review. So there is a principled distinction here, which the Wilson Court ignored when it
extended to all appellate counsel the same duty it imposed on all trial counsel in Axel.

The Axel Fallacy.


 I find irony in this because, in my view, the Axel Court's reasoning was clearly wrong
when it gave trial counsel, and only trial counsel, the duty to advise the defendant how to perfect
an appeal without a lawyer. The reasoning in Axel was, "Informing a defendant of his right to
appeal is part and parcel of also further advising him along lines of the Standards, ante, in order
to make a decision whether to take an appeal. Surely a judge is precluded from giving that kind
of advice, and who better than an attorney who tried the case is qualified to assay and advise his
client of probabilities of error?" (5) It is true that, if a defense lawyer advises a defendant whether
to appeal, the defendant will get the idea that there is such a thing as an appeal. And it is true that
a judge is precluded from advising a defendant whether to appeal. But a judge is not precluded
from telling every convicted defendant that he has a right of appeal and that to have an appeal he
must file written notice of appeal within thirty days.

 No other jurisdiction that I know of has committed the fallacy of giving trial counsel,
rather than the trial court, the responsibility to inform a defendant of the right to appeal and the
procedures for appealing. Perhaps other jurisdictions considered that having this done by
thousands of lawyers in confidential, off-the-record meetings with clients would be less reliable
than having it done by the judge in open court, on the record. (6)

 If there was any justification for doing that in Axel, there was none for doing it in Wilson.

It Doesn't Work.


 Not a decision day passes without this court's granting habeas corpus relief, in the form
of out-of-time appeals or petitions for discretionary review, to convicted defendants whose
counsel failed to carry out the responsibilities that the Court gave them in Axel and Wilson. We
should, and we can, have a better method of informing defendants of their rights and duties in the
appellate process.


FILED: SEPTEMBER 13, 2006


PUBLISH
1. Ex parte Wilson, 956 S.W.2d 25 (Tex. Cr. App. 1997).
2. "A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless the
lawyer reasonably believes that there is a basis for doing so that it not frivolous." Tex. Disciplinary R. Prof'l
Conduct 3.01.
3. Anders v. California, 386 U.S. 738, 744 (1967).
4. 757 S.W.2d 369, 373 (Tex. Cr. App. 1988).
5. 757 S.W.2d, at 373.
6. See, e.g., FED. R. CRIM. P. 32(j) (requiring the court to advise the defendant of any right to appeal, and
requiring the clerk to immediately prepare and file a notice of appeal on the defendant's behalf if the defendant so
requests).